LAWRENCE J. HILTON (State Bar No. 156524)
lhilton@oneil-llp.com
KATHLEEN A. DONAHUE (State Bar No. 294226)
O'NEIL LLP
19900 MacArthur Boulevard
Suite 1050
Irvine, California 92612
Telephone: (949) 798-0500
Facsimile: (949) 798-0511

Attorneys for Plaintiffs
TVB HOLDINGS (USA), INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVB HOLDINGS (USA), INC. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENOM, INC., et al.,<br><br>Defendants. | Case No. SACV13-00624 JLS (DFMx)<br><br>**PLAINTIFF TVB HOLDINGS (USA), INC.'S *EX PARTE* APPLICATION FOR ADDITIONAL TIME TO FILE DEFAULT MOTION DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

By this *Ex Parte* Application, Plaintiff TVB HOLDINGS (USA), INC. ("TVB (USA)") seeks an order extending the period in which TVB (USA) may re-file a Motion for Default Judgment. TVB (USA) requests an additional 30 days to file an amended Default Motion; based on the Court's Order Denying Plaintiff's Motion for Default Judgment entered on January 6, 2014, the deadline would be extended from January 27, 2014 to February 26, 2014.

This Application is made pursuant to Local Rule 7-19 on the grounds that good cause exists to extend the re-filing deadline. Specifically, although TVB (USA) immediately began the process of compiling the additional information required in order to comply with the Court's January 6, 2014 Order, the sheer

135546 v1

volume of the infringed works, which include 134 separate television series and over 4,000 individual episodes, cannot be completed in the 21-day period specified in the Court's Order. Detailed information about the efforts TVB (USA) has made, and continues to make, to comply with the Court's Order is set forth in the supporting declarations. If granted the requested relief, TVB (USA) will not request an additional extension. Accordingly, if the process is not completed by the extended date, TVB (USA) will revise its Motion to seek only damages for the series and episodes for which it has completed the additional compilation of information.

This Application is based on the annexed Memorandum of Points and Authorities, the declarations of Elizabeth Lai and Shaun Simmons, as well as any matters that may be submitted to the Court at or before a ruling is made on this Application.

Defendant Peter Pan has not appeared in this action and has no known counsel. As such, counsel for Plaintiff could not inform Defendant's counsel that Plaintiff would be filing this Application.

DATED: January 17, 2014

O'NEIL LLP
LAWRENCE J. HILTON
KATHLEEN A. DONAHUE


By: *Kathleen Donahue*
     Kathleen A. Donahue

Attorneys for Plaintiff
TVB HOLDINGS (USA), INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff TVB Holdings (USA), Inc. ("TVB (USA)") requests that the Court extend for 30 days the deadline for TVB (USA) to re-file its Motion for Default Judgment. The current re-filing deadline provided in the Court's Order Denying Plaintiff's Motion for Default Judgment entered on January 6, 2014 (the "Order") is January 27, 2014 (21 days from the date of the Order). Good cause exists for the additional 30 days because the process of compiling the additional information will take longer than 21 days due to the volume of the subject copyrighted works, which cover 134 separate television series (each of which has a separate Copyright Certificate) and over 4,000 individual episodes.

Since receiving the Order On January 6, 2014, TVB (USA) immediately began working to comply with the requirements of the Order. Based on the progress thus far, and extrapolating that progress over the number of infringed titles and episodes, TVB (USA) believes an addition three to four weeks will be required. TVB (USA) will not request any additional extensions. If the process is not completed by the extended date, TVB (USA) will revise its Motion to seek only damages for the series and episodes for which it has completed the additional compilation of information.

## II. STATEMENT OF FACTS.

On September 6, 2013, TVB (USA) filed its First Amended Complaint naming Peter Pan as a defendant in this action and alleging claims for copyright infringement, false endorsement under the Lanham Act, unfair competition, and unfair business practices. (Doc. No. 9.) TVB (USA)'s claims against Peter Pan arise from his operation of websites such as AZDRAMA.SX and AZDRAMA.INFO by which he continues to provide unauthorized access to thousands of episodes of TVB (USA)'s copyrighted programming. (*Id.*)

After obtaining permission by this Court, TVB (USA) served Peter Pan by email on September 27, 2013. (Doc. No. 22). Because Peter Pan did not respond to the complaint, upon TVB (USA)'s request, default was entered against Peter Pan on October 29, 2013. (Doc. No. 23.)

The next day, on October 30, 2013 TVB (USA) filed the Motion against Peter Pan dismissing its claims but the claim for copyright infringement and requesting statutory damages, post-judgment interest and a permanent injunction. (Doc. No. 25-1). In support of its Motion, TVB (USA) submitted the Declaration of Elizabeth Lai in which Ms. Lai testifies that Peter Pan has provided access to over 3,320 individual episodes of TVB (USA)'s copyrighted programming by making those episodes available for streaming and download on his websites. (Doc. No. 25-4). Subsequently on December 13, 2013, TVB (USA) filed Ms. Lai's supplemental declaration in which she testifies that since compiling the original list of links submitted to the Court, Peter Pan had uploaded an additional 848 episodes of TVB programming to the unauthorized websites. (Doc. No. 27.)

On January 6, 2014, this Court issued the Order denying TVB (USA)'s motion for default judgment. (Doc. No. 29.) In the Order, the Court announced its ruling denying TVB (USA)'s Motion without prejudice for failure to identify specific copyrighted works and failing to allege or demonstrate registration of its copyrighted works. (*Id.*). The Court instructed that TVB (USA) may re-file the motion within 21 days of the Order and that the "amended motion shall identify (1) the allegedly copyrighted works with a sufficient degree of specificity for the Court to provide relief; (2) which of those works are registered . . . ; and (3) which works [Peter Pan] allegedly infringed." (*Id.*)

Since being served with the Order on January 7, 2014, TVB (USA) been working to create a comprehensive catalogue of the copyrighted programming which Peter Pan has infringed and to locate the Certificates of Registration for the TVB television series. (Declaration of Liz Lai in Support of *Ex Parte* Application

("Lai Decl."), ¶¶ 2,3.) Although TVB (USA) is working diligently to file its amended motion for default judgment, most of the work must be done by a single individual (Ms. Lai, the Direct of Programming) who has the level of knowledge required in order to provide the detailed programming information. (*Id.*, ¶ 3.) Due to the volume of infringed works and the nature of TVB (USA)'s licensing of the programming, Ms. Lai estimates that an additional three to four weeks will be required in order to complete the process. (*Id.*)

      Specifically, TVB (USA) is working to cure the deficiency noted by the Court that the copyrighted works infringed by Peter Pan have not been "specifically defined." Accordingly, TVB (USA) is working to compile a detailed catalogue of each individual infringed television episode by providing the Court information beyond the series title, episode number and URLs to the extent available. As stated in the Motion and subsequent supplemental declaration of Elizabeth Lai, Peter Pan has provided access to 134 TVB series and over 4,000 individual episodes on his websites.[1]

      The Court also states as a basis for denying the Motion TVB (USA)'s failure to provide evidence of which TVB series have valid copyright registrations. To demonstrate that TVB (USA) has registered its works, and is thus entitled to statutory damages, TVB (USA) intends to submit certified copies of the Certificates of Registration to the Court and is working to obtain all necessary certificates. (*Id.*, ¶ 5); Declaration of Shaun Simmons in Support of *Ex Parte* Application ("Simmons Decl."), ¶¶ 2-6.) As explained herein, complying with this portion of the Court's Order will take TVB (USA) more than 21 days. (Simmons Decl., ¶ 6.) TVB (USA) has the exclusive license to distribute and display programming originally created by its parent company, Television Broadcasts Limited ("TVB (Hong Kong)") here in the United States and its territories. (Doc. No. 25-1.) Because of

---

[1] In the Order, the Court correctly observes that the list of URL links submitted in the Motion contains duplicate links. The duplicate links, however, are not included in the total count of infringing works TVB (USA) has submitted to the Court. (Lai Decl., ¶ 4).

#135662 v1135556 v1                3
EX PARTE APPLICATION TO AMEND ORDER

this, TVB (Hong Kong) often registers the TVB programming with the United States Copyright Office ("USCO") and holds the Certificates of Registration. (Lai Decl., ¶ 5.) Accordingly at this point, TVB (USA) is determining which Certificates are in TVB (USA)'s possession, TVB (Hong Kong)'s possession, or need to be requested from the USCO. (*Id*.)

After receiving the Order, on Friday, January 10, 2014 counsel for TVB (USA) called the USCO twice in order to investigate the process for expediting requests for Certificates of Registration and emailed the USCO clerk regarding the same. (Simmons Decl., ¶ 3.) On Monday, January 13, 2014, the USCO clerk emailed with information regarding the standard processing time and fee for requests, but not with information for the expedited process. (*Id*., ¶ 4.) It was not until Tuesday, January 14, 2014 that TVB (USA)'s counsel received information that an expedited request for Certificates of Registration will take a minimum of 20 business days. (*Id*., ¶ 6.) Accordingly, even if TVB (USA) had been able to determine which Certificates it must request from the USCO on January 7, 2014, the day the Order was electronically served, the Certificates of Registration would not have been delivered in time to prepare and file the amended motion within 21 days of the Court's order on January 6, 2014. (*Id*.)

### III. ARGUMENT.

#### A. TVB (USA) has demonstrated good cause for amending the Order Denying Plaintiff's Motion for Default Judgment.

Upon a showing of "good cause" a court may extend the time within which an act must be done. Fed. R. Civ. P. 6(b). TVB (USA) submits that the facts described herein establish good cause to extend the period to file the amended motion an additional 30 days, resulting in the deadline to file the amended motion being 51 days from the issuance of the Order on January 6, 2014.

The Court's Order states that TVB (USA)'s amended motion for default judgment must be filed within 21 days of the Order. As described hereinabove,

TVB (USA) is actively working to compile the requisite evidence to demonstrate that it is entitled to the relief requested in its Motion.

In order to do so, TVB (USA) must sort through information for years worth of television programming including over 134 series and over 4,000 individual episodes. (Lai Decl., ¶ 3.) Additionally, TVB (USA) must coordinate with TVB (Hong Kong) to determine which Certificates of Registration are in either entities' possession and which need to be requested from the USCO. TVB (USA) was not served with the Order until January 7, 2014. Accordingly, if TVB (USA) needs to submit even one request for a Certificate, this will take a minimum of 20 business days – a delay which would have automatically precluded the amended motion from being filed within 21 days of the Order. (Simmons Decl., ¶ 6.)

Extending the time to file the amended motion by an additional 30 days is appropriate to allow TVB (USA) time to remedy the Motion's deficiencies as described in the Order.

### B. TVB (USA) has established the need for *ex parte* relief.

TVB (USA) seeks an extension of the time to file the amended motion on an *ex parte* basis because, with a deadline of 21 days, time is of the essence and seeking the same relief by way of noticed motion may risk a dismissal of this action. By the time a noticed motion could be heard, the 21 day period set forth in the Order may have passed. Additionally, TVB (USA) proceeding on an *ex parte* basis will not prejudice Peter Pan's rights, which is often the primary concern when one party proceeds on an *ex parte* basis, as he has shown no interest in defending himself at any point during this action.

## IV. CONCLUSION.

For all of the foregoing reasons, TVB (USA) submits that the facts and circumstances described in this application constitute good cause for modifying the Court's Order. TVB (USA) requests that the Court grant this *ex parte* application to

modify the Order to extend the deadline to file the amended motion to 51 days from the date of the Order on January 6, 2014.

DATED: January 17, 2014

O'NEIL LLP
LAWRENCE J. HILTON
KATHLEEN A. DONAHUE

By: /s/ Kathleen Donahue
Kathleen A. Donahue

Attorneys for Plaintiff
TVB HOLDINGS (USA), INC.