O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVB HOLDINGS (USA), INC., | CASE NO. SACV 13-624-JLS (DFMx) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND AMENDED MOTION FOR DEFAULT JUDGMENT (Doc. 44)** |
| vs. | |
| ENOM, INC., et al. | |
| Defendants. | |

1

I.    **INTRODUCTION**

Before the Court is a Second Amended Motion for Default Judgment and Permanent Injunction filed by Plaintiff TVB Holdings (USA), Inc. requesting that judgment be entered against Defendant "Peter Pan."  (Second Am. Mot., Doc. 44.) Having considered the briefing, and having taken the matter under submission, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion.

II.    **Background**

According to the First Amended Complaint, Plaintiff "owns the exclusive rights to distribute within the United States and its territories the copyrighted works produced by Television Broadcasts Limited . . . ."  (First Am. Compl. ("FAC") ¶ 15, Doc. 9.)  The copyrighted works include 1,956 individual episodes, which are part of fifty-five television series with registered copyrights ("Registered Works"). (Donahue Decl. ¶¶ 2-6 & Exs. A, B, Compendium of Exhibits ("COE") Ex. 6, Doc. 44-2.)  The copyrighted works also include programming for which copyright certificates are pending but not yet issued ("Unregistered Works").  (Second Elizabeth Lai Decl. ¶ 10 & Ex. G, COE Ex. 7.)  The Court refers to the Registered Works and Unregistered Works collectively as the "Copyrighted Works."

Defendant has registered several web domains ("Unauthorized Websites") using the false alias "Peter Pan," and has made the Copyrighted Works available on the Unauthorized Websites for users to access and view.  (*See* FAC ¶¶ 2, 8, 17, 19 & at 1; Philip Tam Decl. ¶ 11, COE Ex. 1; Richard Lai Decl. ¶ 5, COE Ex. 2; First Elizabeth Lai Decl. ¶¶ 5-7, COE Ex. 3.)[1]

---

[1] As defined in Plaintiffs' motion, which is supported by declarations, the Unauthorized Websites are: ENTERHK.COM, AZDRAMA.INFO, DLDRAMA.COM, FORUM.AZDRAMA.NET, WWW.AZDRAMA.NET, WWW.AZDRAMA.SX, WWW1.AZDRAMA.NET, and WWW.1STDRAMA.COM.  (Second Am. Mem. at 3 n.2)

2

On April 19, 2013, Plaintiff filed the present action for, among other things, copyright infringement.  (Compl., Doc. 1.)  On September 27, 2013, Plaintiff served Defendant by email after obtaining leave of court.  (Docs. 16, 18.)  Defendant replied to the email by stating that one of the websites "is not available now. It was blocked and I already sold!"  (Lawrence J. Hilton Decl. ¶¶ 8, 10 & Ex J, COE Ex. 4.)

On June 14, 2013, Plaintiff sent Defendant a "Notice of Copyright Infringement," which included a list of series titles and episodes Defendant was allegedly infringing.  (*See* Hilton Decl. ¶ 5 & Ex. E.)  Despite the letter, Defendant continues to upload multiple episodes of Plaintiff's programming, and has created new websites with infringing content in response to Plaintiff's attempts to disable the websites.  (*See* Second Elizabeth Lai Decl. ¶¶ 4-10, Exs. C-G.)

On October 29, 2013, default was entered against Defendant by the Clerk of Court.  (Doc. 23.)  Plaintiff's present motion is its third attempt to obtain default judgment on its copyright infringement claim.  In prior orders, the Court found that Plaintiff had established personal jurisdiction over Defendant and had satisfied the requirements of Local Rule 55-1, but that Plaintiff had failed to identify with specificity the allegedly copyrighted works, and had failed to demonstrate why it was entitled to statutory damages for all of the allegedly copyrighted works.  (Docs. 29, 34.)

On April 20, 2014, Plaintiff filed an ex parte application for a temporary restraining order enjoining a non-party domain name registrar from transferring the domain name for one of Defendant's websites.  (Doc. 35.)  Defendant requested the transfer in an attempt to circumvent a DMCA takedown notice.  (*Id*. at 3-6.)  The Court granted the temporary restraining order, and, following an Order to Show Cause hearing, granted a preliminary injunction.  (Docs. 36, 37, 40, 41.)

On May 9, 2014, Plaintiff filed the present Second Amended Motion for Default Judgment on its copyright infringement claim.  (Second Am. Mot.)  Plaintiff seeks statutory damages against Defendant and a permanent injunction against Defendant and various non-party service providers.

## III.   Legal Standard

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process.  *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  Prior to entry of default judgment, there must be an entry of default.  *See* Fed. R. Civ. P. 55.  Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party.  Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment:  "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Eitel*, 782 F.2d at 1471-72.

## IV.   Discussion

### A.   Procedural Requirements

The Court previously found it had personal jurisdiction over Defendant, and that Plaintiff had satisfied the requirements of Local Rule 55-1.  (Doc. 29 at 4-6.)

1

2      **B.    *Eitel* Factors**

3           For the reasons stated below, the Court finds that, on balance, the *Eitel* factors

4      warrant entering default judgment.

5

6                   **1.       Possibility of Prejudice to the Plaintiff**

7           "The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a

8      default judgment is not entered." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725

9      F. Supp. 2d 916, 920 (C.D. Cal. 2010).  A plaintiff suffers prejudice when denying

10     default judgment would leave plaintiff without a remedy.  *Id.*  Defendant has

11     infringed and continues to infringe Plaintiff's Copyrighted Works on a large scale.

12     Were the Court to deny Plaintiff's Motion, Plaintiff would have no recourse as to

13     the ongoing infringement.  Therefore, this factor weighs in favor of entering default

14     judgment.

15

16                   **2.       The Merits of Plaintiff's Substantive Claims and the**

17                             **Sufficiency of the Complaint**

18          The second and third *Eitel* factors look at (1) the merits of plaintiff's

19     substantive claims and (2) the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471.

20     These two factors require that a plaintiff "state a claim on which the [plaintiff] may

21     recover." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal.

22     2002) (alteration in original; internal quotation marks and citation omitted).

23     "Copyright infringement claims have two basic elements: (1) ownership of a valid

24     copyright, and (2) copying of constituent elements of the work that are original."

25     *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PL*C, 733 F.3d 1251, 1254

26     (9th Cir. 2013) (citations and internal quotation marks omitted); 17 U.S.C. § 501(a).

27     Plaintiff alleges ownership of the Copyrighted Works and alleges that Defendant is

28

infringing the Copyrighted Works by uploading them to his websites for users to access and view without Plaintiff's permission.  (FAC ¶¶ 2, 8, 13, 15, 17, 22.)  Plaintiff also provides evidence supporting these allegations.  (*See* Donahue Decl. Exs. A, B; Second Elizabeth Lai Decl. Ex. G; Philip Tam Decl. ¶ 3, Doc. 25-6.)  In light of the allegations and evidence, the Court finds that these factors weigh in favor of default judgment.

### 3.   Amount of Money at Issue

Under the fourth factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *PepsiCo*, 238 F. Supp. 2d at 1176.   Section 504(c) of the Copyright Act provides that "[a] copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action."  17 U.S.C. § 504(c)(1).  Plaintiff seeks $4,251,000 in statutory damages.  (Second Am. Mem. at 9.)  As discussed below in the Remedies section, this amount is consistent with that to which Plaintiff is entitled by law.  Therefore, while the amount of money at issue is substantial, this factor does not significantly weigh against granting default judgment.

### 4.   The Possibility of a Dispute Concerning Material Facts

"The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case."  *Craigslist, Inc.* 694 F. Supp. 2d at 1060.  Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote.  *See id*. at 1061; *Landstar Ranger*, 725 F. Supp. 2d at 922 ("Since [plaintiff] has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default

judgment.").  As discussed above, Plaintiff's First Amended Complaint is well

pleaded and supported by evidence.  Therefore, a dispute concerning material facts

is unlikely, and this factor weighs in favor of entering default judgment.

### 5.        The Possibility of Excusable Neglect

"The sixth *Eitel* factor considers whether defendant's default may have been

the product of excusable neglect." *Landstar Ranger*, 725 F. Supp. 2d at 922.  This

factor favors default judgment when the defendant has been properly served or the

plaintiff demonstrates that the defendant is aware of the lawsuit. *Id.*  As discussed

above, Plaintiff's counsel served the pleadings on Defendant by email on September

27, 2013, and Defendant replied to the email, indicating his awareness of this action.

(Hilton Decl. ¶¶ 8, 10 & Ex. J.)  However, Defendant has not requested that the

default be set aside.  The possibility of excusable neglect is therefore unlikely, and

this factor weighs in favor of entering default judgment.

### 6.        Policy Favoring Decisions on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding

cases on the merits prevents a court from entering default judgment." *Craigslist*,

694 F. Supp. 2d at 1061.  Although"[c]ases should be decided upon their merits

whenever reasonably possible," *Eitel*, 782 F.2d at 1472, "Rule 55(a) allows a court

to decide a case before the merits are heard if defendant fails to appear and defend."

*Landstar Ranger*, 725 F. Supp. 2d at 922.  Notwithstanding the strong policy

presumption in favor of a decision on the merits, where a defendant fails to appear

and respond, a decision on the merits is impossible and default judgment is

appropriate. *See Craigslist*, 694 F. Supp. 2d at 1061.  In this case, Defendant has

failed to appear and respond, and accordingly, this factor favors entering default

judgment.

**V.   Remedies**

   **A.   Statutory Damages for Registered Works**

Plaintiff seeks $4,251,000 in statutory damages, based on the infringement of 1,956 episodes.  The Court previously held that Plaintiff must prove the allegedly infringed episodes are protected by registered copyrights in order to receive statutory damages, that registration of a series title satisfies the registration requirement for individual episodes, and that individual episodes constitute separate "works" for computing statutory damages.  (*See* Doc. 29 at 8-9; Doc. 34 at 2-3.) The Court denied without prejudice Plaintiff's request for statutory damages because Plaintiff had not shown it was entitled to such damages for each episode under 17 U.S.C. § 412.  (*See* Doc. 34 at 2-3.)

In support of its present Motion, Plaintiff has provided copyright registrations for the 55 series titles to which the 1,956 episodes belong.  (Donahue Decl. ¶ 4 & Exs. A, B.)  Each of the 1,956 episodes either has a corresponding certificate of copyright registration prior to the date Defendant uploaded the episode to the Unauthorized Websites, or has a corresponding certificate of copyright registration dated within three months of the series' date of first publication.  (Donahue Decl. ¶¶ 5-6 & Exs. A, B.)  Thus, Plaintiff may seek statutory damages for infringement of these episodes under 17 U.S.C. § 412.

The Court may award statutory damages for copyright infringement "with respect to any one work . . . in a sum not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  *Id*. § 504(c)(2).  "[I]t shall be a rebuttable presumption that the infringement was committed willfully for purposes of

1   determining relief if the violator . . . knowingly provided or knowingly caused to be
2   provided materially false contact information to a domain name registrar, domain
3   name registry, or other domain name registration authority in registering,
4   maintaining, or renewing a domain name used in connection with the infringement."
5   *Id*. § 504(c)(3)(A).

6       Here, Plaintiff seeks $2,000 per episode for 1,843 episodes uploaded prior to
7   the June 14, 2013 Notice of Copyright Infringement sent to Defendant, and $5,000
8   per episode for 113 episodes uploaded thereafter.  (Second Am. Mem. at 9-11;
9   Donahue Decl. ¶¶ 6-7 & Ex. A.)  In light of Defendant's conduct, as described in the
10  Background section, the Court finds that the amount of the requested statutory
11  damages is warranted.

12

13          **B.    Permanent Injunction as to Copyrighted Works**

14      Plaintiff also requests permanent injunctive relief.  (*See* Second Am. Mem. at
15  11-15.)  Plaintiff's Proposed Order indicates that it seeks to permanently enjoin (1)
16  Defendant and those acting on his behalf from infringing the Copyrighted Works[2]
17  by operating certain web domains;[3] (2) any and all registrars and resellers of the
18  web domains from transferring ownership of the domain names; and (3) any and all
19  companies providing website services for the web domains from providing such
20  services and providing access to the website domains.  (*See* Proposed Order at 2-3.)

21

22  _____

23  [2] Plaintiff may seek injunctive relief as all of the Copyrighted Works—even those that are
24  unregistered—because they are foreign works.  (*Cf.* Doc. 29 at 9); *Cosmetic Ideas, Inc. v.
    IAC/Interactivecorp.*, 606 F.3d 612, 619 nn.9, 12 (9th Cir. 2010).
25  [3] Plaintiff's Proposed Order seeks injunctive relief as to additional websites not included in the
    definition of "Unauthorized Websites" listed in its Second Amended Motion.  (*Compare* Second
26  Am. Mem. at 3 n.2 *with* Proposed Order at 2, Doc. 44-1.)  The Court considers the request for
27  injunctive relief only as to the Unauthorized Websites addressed in Plaintiff's briefing for its
    Second Amended Motion.
28

                                          9

Plaintiff has not demonstrated how it is entitled to the relief requested in (2) and (3), which would entail enjoining a potentially limitless number of non-parties without notice to them.  Previously, when the Court granted Plaintiff's ex parte request for a temporary restraining order, the Court stated:

> Plaintiff is warned that any request for permanent injunctive relief will need to specifically and convincingly demonstrate how the Court is authorized to grant such relief. In addition to setting forth the statutory basis for relief, Plaintiff must either provide prior notice to service providers who would be enjoined, or provide a persuasive argument as to why such notice is not required. Failure to address these issues may result in denial in whole or in part of any request for permanent injunctive relief.

(Doc. 37 at 4 n.3.)  *See also* 17 U.S.C. § 512(j) (setting forth specific requirements and limitations on enjoining service providers).  Plaintiff did not heed the Court's warning.  The Second Amended Motion does not even mention permanently enjoining non-parties, much less explain how Plaintiff is entitled to such relief.  Nor did Plaintiff request such relief in its pleadings.  *See* Fed. R. Civ. P. 54(c); *cf. Liberty Media Holdings v. Vinigay.com*, No. CV 11-280-PHX-LOA, 2011 WL 7430062, at*12, *15, *20 (D. Ariz. Dec. 28, 2011) ("Because Plaintiff failed to specifically request impoundment of Defendants' domain name in its prayer for relief and provide any authority under the Copyright Act that such relief is lawful, the Court will recommend this request be denied."), *report and recommendation adopted*, 2012 WL 641579.  Accordingly, the Motion is DENIED with respect to (2) and (3).

10

As to the relief requested in (1), in order for the Court to grant a permanent injunction against Defendant, Plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Defendant's infringement of the Copyrighted Works irreparably harms Plaintiff by negating its ability to control the use and transmission of those works. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1029 (9th Cir. 2004); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1216-19 (C.D. Cal. 2007). An award of monetary damages is inadequate, because it is unlikely Defendant will be able to pay the damages in full, and because monetary damages alone would not prevent Defendant from continuing to infringe. *See Metro-Goldwyn-Mayer*, 518 F. Supp. 2d at 1217, 1219-20; *Apple Inc. v. Pystar Corp.*, 673 F. Supp. 2d 943, 949-50 (N.D. Cal. 2009). The balance of hardships favors Plaintiff, as an injunction will proscribe only Defendant's infringing activities. *See Cadence Design Sys., Inc. v. Avant! Corp.*, 125 F.3d 824, 829-30 (9th Cir. 1997) (collecting cases). Finally, the public interest is served by protecting valid copyrights. *See Metro-Goldwyn-Mayer*, 518 F. Supp. 2d at 1223 (collecting cases).

Accordingly, the Court finds a permanent injunction against Defendant warranted, on the terms set forth in the concurrently-filed Default Judgment and Permanent Injunction.

## VI.    Conclusion

For the reasons stated above, Plaintiff's Motion is GRANTED IN PART and

DENIED IN PART.  Default judgment is entered against Defendant on Plaintiff's first cause of action for copyright infringement.  Plaintiff is awarded $4,251,000 in statutory damages.  The Court enters a permanent injunction against Defendant on the terms set forth in the concurrently-filed default judgment and permanent injunction.  Plaintiff's remaining causes of action are dismissed.  (*See* Second Am. Mot. at 2 n.1.)

**SO ORDERED.**

DATE: July 23, 2014                    <u>   JOSEPHINE L. STATON   </u>
                                       HONORABLE JOSEPHINE L. STATON
                                       UNITED STATES DISTRICT JUDGE